UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THREE FIFTY MARKETS LTD,<br><br>*Plaintiff*,<br><br>VERSUS<br><br>M/V ARGOS M, her engines, tackle equipment, appurtenances, etc. *in rem*,<br><br>*Defendant*. | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**VERIFIED COMPLAINT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

Plaintiff, THREE FIFTY MARKETS LTD ("Plaintiff"), by and through its undersigned counsel, complaining of the above-named defendant, alleges:

1.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Specifically, the claim is for the failure to pay for marine fuel delivered to the Defendant.

**THE PARTIES**

2.

At all material times, Plaintiff was and now is a company organized and existing under the laws of England with an office and place of business at Forest Road, Ilford, United Kingdom, IG6 3HQ.

4879-6226-7729 v1

3.

Defendant M/V ARGOS M (the "Vessel") was and is an ocean-going cargo vessel (IMO No. 9502788), which as reported by the Lloyd's List Intelligence Report is a Liberian-flagged vessel. A copy of the Lloyd's List Intelligence Report is attached hereto as **Exhibit A** and incorporated by reference.

4.

At the time the debt was incurred, as described in greater detail below, the Vessel was chartered to, or operated by, AUM Scrap and Metals Trading LLC ("Charterer"), which upon information and belief is a company organized and existing under the laws of the United Arab Emirates.

## JURISDICTION AND VENUE

5.

The Court has *in rem* jurisdiction over the Vessel because it is currently within this jurisdiction or is expected to be in this District during the pendency of this action.

6.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.

7.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE FACTS

8.

Plaintiff is an international commodity trading company supplying, among other things, marine fuel oil (also known as "bunkers") to ships and other vessels.

4879-6226-7729 v1

9.

On or about October 11, 2022 at the request of Charterer, Plaintiff sold and delivered 800 metric tons of Very Low Sulphur Fuel Oil ("the Fuel") to the Vessel. Copies of the Bunker Confirmation and delivery receipt are attached hereto as **Exhibits B and C**, respectively, and incorporated by reference.

10.

The Bunker Confirmation provided that the Fuel was sold at $787 per metric ton. 800 metric tons of Fuel sold at $787/metric ton totals an amount due of $629,600.00. This amount was reflected on Invoice No. 1054 (the "Invoice"), which was issued by Plaintiff to Charterer on October 11, 2022. The Invoice is attached hereto as **Exhibit D** and incorporated by reference.

11.

As noted on the Bunker Confirmation and the Invoice, the parties agreed that payment was to be made 30 days from the supply of the Fuel. The Bunker Confirmation also incorporated by reference Plaintiff's General Terms & Conditions of Sale dated July 1, 2022 ("GTCS"), which provide, in relevant part, as follows:

> **3. ORDER CONFIRMATION**
>
> 3a) A Contract shall only be concluded and binding when the Seller sends the Order Confirmation to the Buyer. Each Order Confirmation shall incorporate these GTCS whether or not the Order Confirmation includes an express reference to the GTCS. If the Seller for whatever reason fails to issue or send an Order Confirmation to the Buyer these GTCS shall govern the sale nonetheless and a contract pursuant to these GTCS shall be deemed to have come into existence
>
> 3b) Should the Contract be entered into by any party acting as an Agent for the Buyer and/or acting for or on behalf of the Buyer, whether such is disclosed or undisclosed, then such Agent with actual or constructive notice of the existence of these GTCS in addition to the Buyer and or holder of any interest in the Vessel receiving the Products shall be jointly and severally liable for and

3

guarantees the proper performance of all the obligations of the Buyer under this Contract, and shall be deemed as a principal and not only acting as an Agent.

3c) It is agreed that all orders of all Products are considered to be emanating from the Master of the vessel, even if relayed by the Buyer to the Seller and even if no written request for the Master of the vessel exists, the dues and cost of such supplies and/or deliveries shall be treated as a primary lien on the Vessel.

### 4. PRICE / PAYMENT / RISK AND PROPERTY

…

d) The Buyer shall become liable for the Marine Fuel immediately upon the Marine Fuel passing the SE's manifold, and risk of the Marine Fuel shall pass to the Buyer at that time. The Buyer shall become liable for Lubricants and related products immediately upon them passing the Vessel's rail or being delivered to the designated place of delivery, and risk shall pass to the Buyer at that time. Title to the Products shall pass only when the Products have been fully paid for by the Buyer and until such time the Seller shall retain title to the Products.

…

j) Without prejudice to any other rights or remedies available to the Seller the Buyer shall pay interest to the Seller at the rate of 2 (two) per cent per month (compounded monthly for each month, or part thereof,) on all balances that remain unpaid from the date that they were due or, upon the withdrawal of credit, became due for payment. The Seller shall provide regular interest notes which shall be binding as to the amount of interest that is due, but the Buyer's obligation to pay interest shall not be conditional upon such interest notes being issued.

### 14. LIEN

a) In addition to any security the Seller may have, and as this Contract is entered into and product is supplied upon the faith and credit of the Vessel, it is agreed and acknowledged that a lien over the Vessel is created for the price of the Products supplied together with any interest accrued. The Buyer, if not the Owner of the Vessel, hereby expressly warrants that they have full authority of the Agents/Traders/Owners/Managers/Operators/Charterers to pledge the Vessel in favor of the Seller and that they have given notice of the provisions of this contract to them. The Seller shall not be bound

>by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel. The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action. Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found….

12.

A copy of Plaintiff's GTCS are attached to as **Exhibit E** and incorporated herein by reference.

13.

Charterer failed to make payment to Plaintiff for the Fuel, and the principal sum is still owed to Plaintiff. As set forth above, the GTCS provide that interest will accrue on all unpaid balances at the rate of 2% per month (compounded monthly for each month, or part thereof) on all balances that remain due. The total amount due, inclusive of interest as of January 31, 2023, is $663,546.65 ($629,600 in principal and $33,946.65 in interest).

14.

The GTCS provide, at Clause 19, that the "General Terms and Conditions and each Contract to which they apply shall be governed by the general maritime law of the United States of America and … [i]f there are any gaps in the general maritime law of the United States or if the general maritime law of the United States does not address a disputed issue, the law of the State of New York shall apply."

15.

By virtue of Plaintiff furnishing "necessaries," i.e., bunkers, to the Vessel within the meaning of the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31342 *et seq*., on

the order of the Charterer, Plaintiff has a maritime lien *in rem* against the Vessel for the full amount of its claim.

16.

Under federal maritime law, Supplemental Rule C, and the Local Admiralty Rules, Plaintiff is entitled to arrest the Vessel to enforce its maritime lien.

**WHEREFORE**, Plaintiff prays:

A. That Plaintiff have judgment in the amount of $**663,546.65**, representing the total principal owed and the accrued interest through January 31, 2023, together with interest continuing to accrue at the rate of 2% per month until the amount owing is paid in full, together with costs and disbursements incurred herein, including costs of *custodia legis*; and

B. That process *in rem*, the Verified Complaint and Warrant for Arrest, pursuant to Supplemental Rule C be issued against Defendant M/V ARGOS M, her tackle, engines, etc., and served upon the Master or other ranking officer or caretaker of the Vessel, placing the Vessel under the arrest, custody and control of the Marshal of this District;

C. That the Defendant, M/V ARGOS M, her tackle, engines, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the judgment entered herein, including interest then accrued and all costs and disbursements due Plaintiff herein, including costs of *custodia legis*;

D. That Plaintiff may have such other and further relief as the Court deems just and proper.

DATED this 16th day of February, 2023.

6

Respectfully submitted:

*/s/ R. Chauvin Kean*

Bradley J. Schlotterer (#24211)
R. Chauvin Kean (#36526)
**KEAN MILLER LLP**
BankPlus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone  (504) 585-3050
Fax  (504) 585-3051
brad.schlotterer@keanmiller.com
chauvin.kean@keanmiller.com

- and -

William R. Bennett III* (#2513653)
Noe S. Hamra* (#4987996)
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY  10020
(212) 885-5000
William.Bennett@blankrome.com
Noe.Hamra@blankrome.com

*Pro Hac Vice application pending

*Attorneys for Three Fifty Markets Ltd.*

**PLEASE SERVE:**

M/V ARGOS M, *in rem*