UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THREE FIFTY MARKETS LTD, | CIVIL ACTION |
| *Plaintiff*, | NO. 2:23-cv-00595 |
| VERSUS | SECTION |
| M/V ARGOS M, her engines, tackle equipment, appurtenances, etc. *in rem*, | JUDGE |
| *Defendant*. | MAGISTRATE JUDGE |

**MOTION FOR ORDER DEPUTIZING G. ROBERT TONEY AND/OR
ALAN SWIMMER TO ACT IN LIEU OF U.S. MARSHAL IN SERVING
WARRANT OF ARREST**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Three Fifty Markets Ltd. ("Plaintiff"), and moves this Court for an Order Deputizing National Maritime Services and their representative, including but not limited to, G. Robert Toney and Alan Swimmer to Act in lieu of the U.S. Marshal (the "Motion") for the sole purpose of serving the Admiralty Warrant of Arrest to be issued by this Court and related papers upon the M/V ARGOS M, Official Number 9502788, her equipment, appurtenances, furniture, etc., *in rem* (the "Vessel"), and as grounds therefore states:

Counsel for Plaintiff have been in the process of coordinating the anticipated vessel arrest with the U.S. Marshals Service for the Eastern District of Louisiana. However, the Marshals Office has informed us that the U.S. Marshals Service is facing delay caused by the COVID-19 pandemic.

Because a failure to promptly arrest a vessel "prejudices [the] substantive rights of the parties" in light of the mobile nature of vessels, *Jensenius v. Texaco, Inc., Marine Dep't*, 639

F.2d 1342, 1343 (5th Cir. 1981), vessels are usually seized almost contemporaneously with the issuance of the warrants of arrest. Any delay in executing the Warrant presents a prejudicial risk to Plaintiff due to (1) the fear of the Vessel leaving the jurisdiction of this Court, (2) the financial position of the Vessel's owner, and (3) the threat of seizure of the Vessel by another party.

The proposed deputy, National Maritime Services, Inc., is a nationally recognized and experienced substitute custodian for all manner of vessels, and which has coordinated with the U.S. Marshals Service offices throughout the United States to effect the arrest or marine attachment of countless vessels, and is experienced in the performance of the procedures to effect the service of process to arrest vessels. Both Mr. Toney and Mr. Swimmer are employed by National Maritime Services, Inc. In the event that this Court grants this Motion, Mr. Toney and/or and Mr. Swimmer will serve the Verified Complaint, Order for Issuance of Warrant of Arrest, the Warrant issued by this Court, and the Summons for the Vessel on any occupant of the Vessel, or alternatively, post it in a conspicuous place on the Vessel, in accordance with this Court's orders and any applicable rules, and will file proof of service promptly.

This Court has the inherent authority to deputize an individual to serve a warrant for the arrest of a vessel when the U.S. Marshals Service is unable to do so in a timely manner. This Court recently appointed National Maritime Services, Inc. as a special process server for purposes of effecting a vessel arrest in a case similar to the instant case. *See, Cox Operating, LLC v. M/V ATINA,* 2:20-cv-02845 (E.D. LA., October 19, 2020). Further, other courts have also deputized an individual to serve vessel arrest warrants. *Dry Bulk Singapore Pte Ltd., v. Amis Integrity S.A.,* 3:19-cv-01671-BR (D. Or. Oct. 17, 2019); *Chemoil Corporation v. M/V DARYA VISHNU*, 2014 A.M.C. 371, 2013 WL 6328829 *4 (W.D. Wash. Dec. 5, 2013) (rejecting vessel owner's argument that appointment of individual to serve warrant of arrest was wrongful);

*Trans-Tec Services, Inc. v. M/V CELESTINA*, 3:13-cv-5494 (D. Md. Oct. 11, 2013); *ATS International Services, Inc. v. Kousa International, LLC*, Civil Action No. RDB 12-2525 (D. Md. Aug 23, 2012); *Williamette Production Credit Ass'n v. Kenneth E. Staffenson*, 1984 WL 1793 *1 (D. Or. 1984).

For the reasons explained herein, a delay in the arrest of the Vessel is severely prejudicial to Plaintiff.

**WHEREFORE**, Three Fifty Markets Ltd. respectfully requests that this Court enter an Order deputizing National Maritime Services to act in lieu of the U.S. Marshal for the sole purpose of serving the Warrant and related papers upon the M/V ARGOS M, Official Number 9502788, *in rem.*

[*Signatures on Following Page*]

Respectfully submitted:


*/s/ R. Chauvin Kean*

_____
Bradley J. Schlotterer (#24211)
R. Chauvin Kean (#36526)
**KEAN MILLER LLP**
BankPlus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone  (504) 585-3050
Fax  (504) 585-3051
brad.schlotterer@keanmiller.com
chauvin.kean@keanmiller.com

- and -

William R. Bennett III*
Noe S. Hamra*
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY  10020
(212) 885-5000
William.Bennett@blankrome.com
Noe.Hamra@blankrome.com

*Pro Hac Vice application pending

*Attorneys for Three Fifty Markets Ltd.*