UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THREE FIFTY MARKETS LTD, | CIVIL ACTION |
| *Plaintiff*, | NO. 2:23-cv-00595 |
| VERSUS | SECTION L (5) |
| M/V ARGOS M, her engines, tackle equipment, appurtenances, etc. *in rem*, | JUDGE ELDON J. FALLON |
| *Defendant*. | MAGISTRATE JUDGE MICHAEL NORTH |

## MEMORANDUM IN SUPPORT OF MOTION FOR INTERLOCUTORY SALE OF THE M/V ARGOS M, *IN REM*

This Court now should grant Plaintiff Three Fifty Markets Ltd.'s Motion for Interlocutory Sale of the Vessel, M/V ARGOS M, IMO 9502788 ("Vessel"), pursuant to Supplemental Federal Admiralty Rule E(9)(b). Enclosed as Exhibit 1 to this Motion is the Declaration of Alan Swimmer, the President of National Maritime Services, acting as substitute custodian pursuant to this Court Order (**R. Doc. 12**). ("Swimmer Dec.")

Plaintiff Three Fifty Markets Ltd. arrested the Vessel on February 16, 2023. The Master, Owner, Vessel's Insurer, owner of the cargo loaded aboard, and Ship's Agent were notified of the arrest. Nevertheless, there has been no claim to the Vessel filed by any interested party. And no one has appeared to provide security for the Vessel's release.

The Vessel remains in the custody of the substitute custodian, National Maritime Services, within this District at Southwest Pass Anchorage in the Gulf of Mexico.[1] Custodial costs are

---

[1] Plaintiff and the other claimant are sharing the fees of National Maritime Services and Vessel costs, on a 50/50 basis.

4853-4430-8821 v1

accruing on a daily basis and future costs to supply the Vessel with fuel, water, food, and provisions are estimated to be no less than $110,000. (See, generally, Swimmer Dec.)

Additionally, the Vessel's officers and crewmembers have not been paid their February wages. (Swimmer Dec. at ¶13.)  Furthermore, hurricane season is a month or two away and additional costs and risks will arise. (Swimmer Dec. at ¶17.)

The Vessel has been constructively abandoned, warranting an immediate sale.

With no claim to the Vessel, as Supplemental Rule C provides, there is no reason for the Vessel to continue to remain stranded at anchorage, accruing custodial expenses, and subject to deterioration and loss. The Vessel should be immediately sold by the U.S. Marshal's via an auction prior to the accrual of further custodial expense as outlined in the Swimmer Declaration.

Most importantly, the Vessel's crew are stranded aboard the Vessel, their presence required by the U.S. Coast Guard regulations and to safeguard the Vessel. Plaintiff requests that this Court immediately order the sale of the Vessel, so that the present crew, if they desire, may return home to their families and be relieved by substitute crew, employed by the Vessel's new owner upon purchasing the Vessel at the U.S. Marshal's auction.

The present situation meets the requirements of Supplemental Rule E (9)(b):

> on application of a party the court may order all or part of the property sold-with the sale proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court-if: (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing the release of the property.

*See Silver Star Enterprises, Inc. v. M/V SARMACCA*, 19 F.3d 1008, 1014 (5th Cir.1994).

By definition, the Vessel is perishable: ships corrode, machinery deteriorates, and vessels sink when their owner abandons them, which is the case here. There has been an unreasonable

delay in securing the Vessel's release and the time to claim the Vessel has passed under the strict requirements of Supplemental Rule C. In the meantime, the Vessel is consuming fuel oil to maintain power to the ship, water to maintain sanitary conditions aboard the Vessel, and food to feed the crew. In the near future, the Plaintiff will be forced to purchase additional fuel, water, and food to maintain the Vessel at a cost of no less than $110,000. (See, Swimmer Dec.) This is unfair, inequitable, and prejudicial to Plaintiff, further warranting an immediate judicial sale.

Upon the Court's grant of this Motion, Plaintiff will immediately make the necessary arrangements with the U.S. Marshal's Service to schedule a date for the sale of the Vessel.

Plaintiff proposes to utilize National Maritime Services to assist in brokering the sale and advertising the sale over a 14-day period. Plaintiff further proposes that the Court set a minimum sale price of **$6,500,000.00**, 80% of the liquidated value as estimated by Compass Maritime Services. Enclosed as Exhibit 2 to this Motion is the Independent Valuation Report from Compass Maritime Services dated March 7, 2023. These funds will provide, among other things, for payment of interest, contractual attorneys' fees, payment of crew wages, and any *custodia legis* expenses.

Proceeds from the Vessel's interlocutory sale by the United States Marshal will be deposited into this Court's registry, in substitute for the Vessel *in rem*.

Conditions for selling the Vessel have been satisfied, this Court therefore should order the Vessel to be sold by the United States Marshal after notice of sale.

Plaintiff herewith files a draft order and respectfully requests this Court to grant this Motion.

Respectfully submitted:

*/s/ R. Chauvin Kean*

---

Bradley J. Schlotterer (#24211)
R. Chauvin Kean (#36526)
**KEAN MILLER LLP**
BankPlus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone  (504) 585-3050
Fax  (504) 585-3051
brad.schlotterer@keanmiller.com
chauvin.kean@keanmiller.com

- and -

William R. Bennett III (#2513653) *Pro Hac Vice*
Noe S. Hamra (#4987996) *Pro Hac Vice*
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY  10020
(212) 885-5000
William.Bennett@blankrome.com
Noe.Hamra@blankrome.com

*Attorneys for Three Fifty Markets Ltd.*

### CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that, on March 8, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record or parties who have registered to receive electronic service.

 */s/R. Chauvin Kean*
**R. CHAUVIN KEAN**

4

4853-4430-8821 v1