UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THREE FIFTY MARKETS LTD,** § | | CIVIL ACTION |
| § | | |
| **Plaintiff,** § | | |
| § | | CASE NO. 23-595 |
| vs. § | | |
| § | | |
| M/V ARGOS M, her engines, tackle, § | | SECTION "L" (5) |
| Equipment, appurtenances, etc., *in rem* § | | |
| § | | |
| **Defendant** § | | |

| | | |
|---|---|---|
| **PMG HOLDING SRL,** § | | CIVIL ACTION |
| § | | |
| **Consolidated-Plaintiff,** § | | CASE NO. 23-623 |
| § | | SECTION "L" (5) |

| | | |
|---|---|---|
| **ARECELORMITTAL INTERNATIONAL** § | | |
| **(LUXEMBOURG) S.A. and ARECELOR** § | | |
| **MITTAL (COSTA RICA) S.A.,** § | | |
| § | | |
| **Intervenor-Plaintiffs,** § | | |
| vs. § | | |
| § | | |
| M/V ARGOS M, her engines, tackle, § | | |
| Equipment, appurtenances, etc., *in rem* § | | |
| § | | |
| **Defendant.** § | | |

**<u>VERIFIED COMPLAINT IN INTERVENTION</u>**

NOW COME, Intervenor-Plaintiffs ArcelorMittal International (Luxembourg) S.A. ("AMIL") and ArcelorMittal (Costa Rica) S.A. ("AMCR") (collectively "Plaintiffs"), by and through undersigned counsel, and file this Verified Complaint in Intervention against the Defendant M/V ARGOS M, IMO NO. 9502788, her engines, freights, apparel, appurtenances, tackle, etc., *in rem* (hereinafter "ARGOS M" or the "VESSEL"), and avers and pleads as follows:

1

## I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules").

2. Venue is proper and is founded on the presence of the M/V ARGOS M, which is currently at anchor and within the District.

3. At all times material hereto, Plaintiff AMIL was and still is a foreign business organized under the laws of Luxembourg.

4. At all times material hereto, Plaintiff AMCR was and still is a foreign business organized under the laws of Costa Rica.

5. At all times material hereto, Defendant M/V ARGOS M was and is an ocean-going bulk carrier, registered in Liberia, IMO number 9502788, call sign of D5ZG2, and is now, or will be during the pendency of this action, within the Eastern District of Louisiana, and subject to the jurisdiction and venue of this Honorable Court. Upon information and belief, the Vessel's registered owner is Argos Bulkers Inc., a company believed to be registered in the Marshall Islands.

## II. FACTS

6. On or about October 31, 2022, AMIL entered into a contract with Pointer Investment (H.K.) Limited ("Pointer"), Room C 32/F, Lippo Centre, Tower 1, 89 Queensway, Hong Kong, China, for the purchase and delivery of 20,400 metric tons of prime steel billet of various qualities and colors (hereinafter "the Cargo").

7. The Cargo has a value of no less than $587.12 per metric ton.

8. The contract called for the goods to be shipped on CFR basis from any load port in Indonesia for delivery to Moin Terminal Limon Port, Costa Rica.

9. Payment terms were arranged by 100% irrevocable letter of credit to be opened within five (5) working days after the contract has been signed by both parties.

10. AMIL complied with all terms and obligations under the contract and issued the irrevocable letter of credit for the Cargo in the amount of $11,977,248 (*i.e.* 20,400 metric tons multiplied by $587.12, the price per metric ton).

11. Upon information and belief, and pursuant to its obligations under the contract to AMIL, Pointer chartered the M/V ARGOS M from a disponent owner of the Vessel for the transport from Indonesia to Costa Rica.

12. Subsequently, AMIL and AMCR entered into a contract for the Cargo to be sold by AMIL to AMCR.

13. The Cargo was loaded onboard the M/V ARGOS M, at Bahodopi-Poso Port, Morowali, Sulawesi Province, Indonesia on or about December 10, 2022 for ocean transport to Puerto Limon, Costa Rica.

14. Bill of Lading No. G2243BHPLMN001 was issued on behalf of the M/V ARGOS M confirming that 20,738.180 metric tons of prime steel billets (totaling 9,896 pieces) was shipped onboard the Vessel. A copy of the Bill of Lading is attached as Exhibit 1.

15. The Bill of Lading is a contract of carriage and a maritime contract.

16. AMCR is the listed notify party on the Bill of Lading and the holder of the original Bills of Lading, which evinces, among other things, the contract of carriage and AMCR's right to delivery of the steel cargo in good order at the port of Costa Rica by the Vessel, as well as the

possessory interest and right to the Cargo.

17. On or about February 16, 2023, the M/V ARGOS M entered the Eastern District of Louisiana, upon information and belief, to discharge a portion of unrelated cargo.

18. At or about that time, Three Fifty Markets Ltd. ("TFM") arrested the M/V ARGOS M, pursuant to Orders and Warrants of Arrest issued by this Court in the above captioned matter, pursuant to Supplemental Rule C to enforce alleged liens for the supply of necessaries to the Vessel. Consolidated Plaintiff PMG Holding SRL ("PMG") arrested the Vessel on or about February 22, 2023.

19. Since that time, neither the Owners, nor any other claimant has come forward on behalf of the M/V ARGOS M to resolve the alleged lien claims.

20. Upon information and belief, Owners have not filed a motion to vacate the arrests pursuant to Supplemental Rule E(4)(f), nor has any motion to set and post security for the lien claims been filed pursuant to Supplemental Rule E(5).

21. As a result of the silence from Owners and presumed abandonment of the Vessel, both TFM and PMG have filed emergency motions for the interlocutory sale of the Vessel, which is still laden with Plaintiffs' Cargo.

22. In support of said motions for interlocutory sale, TFM and PMG have submitted the sworn declaration of the court appointed Substitute Custodian of the Vessel, affirming that the Vessel's crew has not been paid their wages, fuel is running low, expenses for upkeep are disproportionate, and that the asset is depreciating.

23. The Court has set a hearing on the motions for interlocutory sale of the Vessel for March 22, 2023.

24. Plaintiffs are innocent victims in the pending lawsuits and its Cargo has been

delayed and held hostage onboard the Vessel while it remains under arrest for TFM and PMG's alleged lien claims.

25. AMCR has incurred damages of no less than $50,000 per day as a result of the failure by the Vessel to timely deliver the Cargo.

26. Owners have failed, neglected, and/or refused to file a Verified Statement of Interest within fourteen (14) days of the arrest as required by Supplemental Rule C(6)(a), which would have been due on or before March 2, 2023 for TFM or March 8, 2023 for the PMG arrest.

27. Upon information and belief, the Owners have physically, legally, and/or financially abandoned the voyage, have abandoned the crew, have abandoned the Cargo, and have abandoned the Vessel.

28. The continued delay of the Vessel is causing significant damages and harm to Plaintiffs, who desire to exercise their legal rights over the Cargo to have it discharged from the Vessel and shipped to Costa Rica.

29. The threatened and/or anticipated interlocutory sale of the Vessel would cause severe damages and losses to Plaintiffs in the event that its Cargo is detained onboard and/or Plaintiffs are not afforded the right to timely mitigate their damages, discharge the Cargo, and transship the Cargo to Costa Rica.

## COUNT ONE – BREACH OF CONTRACT OF CARRIAGE

30. Plaintiffs restate and re-allege each and every allegation contained in the above foregoing Verified Complaint in Intervention.

31. Pursuant to the Bill of Lading, Defendant owed a contractual duty to safely and properly carry, keep, care for, and deliver Plaintiff's Cargo in the same good order and condition as at the time of loading.

32. Defendant also has a contractual duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner and had a duty to exercise due diligence in maintaining the seaworthiness of the Vessel.

33. Defendant breach the aforementioned contractual duty owed to Plaintiffs.

34. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiffs, but to the contrary, was due solely as the result of the breach of the contract of carriage on the part of Defendant and/or its agents.

35. As a direct and proximate cause of said breach of contract, Plaintiffs have suffered damages.

## COUNT TWO – NEGLIGENCE

36. Plaintiffs restate and re-allege each and every allegation contained in the above foregoing Verified Complaint in Intervention.

37. Defendant owed a duty to Plaintiff to properly carry, keep, care for, protect, and deliver the Cargo in the same good order and condition as ta the time said Defendant first accepted custody and control of the Cargo.

38. Defendant breached this duty and was negligent in timely delivering the Cargo to the port of discharge.

39. As a direct and proximate result of the negligent acts of Defendant, Plaintiffs have suffered damages.

## COUNT THREE –UNSEAWORTHINESS

40. Plaintiffs restate and re-allege each and every allegation contained in the above foregoing Verified Complaint in Intervention.

41. The Vessel's Owners and the Defendant Vessel owed a duty to Plaintiff to provide a seaworthy vessel fit to carry the Cargo that was delivered to and loaded on board.

42. At the time the Cargo was loaded onboard the Vessel, there was a foreseeable termination or interruption to the intended voyage due to lien(s) which had accrued on the M/V ARGOS M and the financial condition of the Vessel's Owners who are unable (or unwilling) to provide security for the alleged lien claims.

43. As the Vessel is now up for potential interlocutory sale, the voyage has been interrupted due to the financial condition of the Owners and the Vessel has not been maintained in a seaworthy condition.

44. As a direct and proximate result of the aforesaid unseaworthiness arising from Defendant's actions and/or failure to act, Plaintiff has suffered damages.

### III. RULE C ARREST

45. Plaintiffs restate and re-allege each and every allegation contained in the above foregoing Verified Complaint in Intervention.

46. Plaintiffs' causes of action for breach of the contract of carriage, negligence, and unseaworthiness are maritime claims and attach as a maritime lien on the Vessel in favor of Plaintiffs and are enforceable against the Vessel *in rem* as a matter of law.

47. Plaintiffs reserve the right to seek a Warrant of Arrest to enforce the maritime lien pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint in Intervention;

B. That judgment may be entered in favor of Plaintiffs against Defendant for the amount of Plaintiff's damages in the amount to be determined at trial, together with interest, costs, and the disbursements of this action;

C. That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Dated: March 19, 2023
New Orleans, Louisiana

Respectfully submitted,

/s/ Daphne P. McNutt
Daphne P. McNutt (#20292)
Barry & Co., LLC
612 Gravier Street
New Orleans, LA 70130
dmcnutt@barrylawco.com
Telephone: (504) 525-5553
Facsimile: (504) 505-1909

*Attorneys for Plaintiffs in Intervention,
ArcelorMittalInternational (Luxembourg)
S.A. and ArcelorMittal (Costa Rica) S.A.*

| | | |
|---|---|---|
| CODE NAME: "CONGENBILL" EDITION 1994 | BILL OF LADING<br>TO BE USED WITH CHARTER-PARTIES | C 1.2 Page 2<br>B/L No.<br>G2243BHPLMN001 |

**Shipper**
PT. DEXIN STEEL INDONESIA
GEDUNG IMIP, JALAN BATU MULIA 8 RT. 007 RW. 007
MERUYA UTARA KEMBANGAN KOTA ADM. JAKARTA
BARAT DKI JAKARTA 11620

**Consignee**
TO ORDER

**Notify**
ARCELORMITTAL COSTA RICA S.A.
COSTADO OESTE DE MULTIPLAZA, EDIFICIO
MERIDIANO 4TO. PISO ESCAZU, SAN JOSE DE COSTA
RICA
EMAIL: DANIEL.MYERS@ARCELORMITTAL.COM

1st Original

EXHIBIT 1

**Vessel**
MV. ARGOS M VOY. G2243

**Port of loading**
BAHODOPI-POSO PORT, MOROWALI, SULAWESI PROVINCE, INDONESIA

**Port of Discharge**
MOIN TERMINAL PUERTO LIMON, COSTA RICA

**Shipper's description goods**

9,896 PCS OF
PRIME STEEL BILLETS

NET WEIGHT :     20,738.180 MT
GROSS WEIGHT :  20,738.180 MT

THE AGENT IN THE PORT OF DISCHARGE: MARINA INTERCONTINENTAL S.A.
"MARINSA" - ILG LOGISTICS COSTA RICA PASO ANCHO, DE LA ROTONDA
200 M NORTE . SAN JOSE, COSTA RICA

"FREIGHT PAYABLE AS PER CHARTER PARTY"

"SHIPPED ON BOARD" DATED ON DECEMBER 10,2022
SAY:TOTAL NINE THOUSAND AND EIGHT HUNDRED NINETY SIX PCS ONLY.

(of which   - NIL-   on deck at Shipper's risk; the Carrier not
Being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER-PARTY dated …………………………………………..

FREIGHT PAYABLE AS PER CHARTER PARTY
Received on account of freight :

**SHIPPED** at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents and value unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

Time used for loading …………… days …………………….. hours.

| Freight Payable at | Place and date of issue<br>PONTIANAK, INDONESIA, DEC 10, 2022 |
|---|---|
| Number of original Bs/L<br>3 (THREE) | Signature<br>PT. HUA INDONESIA AGENSI<br>PONTIANAK, INDONESIA<br>AS AGENT FOR AND ON BEHALF OF MASTER OF<br>MV. ARGOS M VOY. G2243 CAPT. TOMOV<br>KALIN BORISOV<br><br>THEYA LESMANA S<br>MANAGER |

CODE NAME: "CONGENBILL" EDITION 1994

**BILL OF LADING** C 1.2  Page 2
TO BE USED WITH CHARTER-PARTIES
B/L No.
**G2243BHPLMN001**

**Shipper**
PT. DEXIN STEEL INDONESIA
GEDUNG IMIP, JALAN BATU MULIA 8 RT. 007 RW. 007
MERUYA UTARA KEMBANGAN KOTA ADM. JAKARTA
BARAT DKI JAKARTA 11620

**Consignee**
TO ORDER

**Notify**
ARCELORMITTAL COSTA RICA S.A.
COSTADO OESTE DE MULTIPLAZA, EDIFICIO
MERIDIANO 4TO. PISO ESCAZU, SAN JOSE DE COSTA
RICA
EMAIL: DANIEL.MYERS@ARCELORMITTAL.COM

*2nd Original*

**Vessel**
MV. ARGOS M VOY. G2243

**Port of loading**
BAHODOPI-POSO PORT, MOROWALI, SULAWESI PROVINCE, INDONESIA

**Port of Discharge**
MOIN TERMINAL PUERTO LIMON, COSTA RICA

**Shipper's description goods**

9,896 PCS OF
PRIME STEEL BILLETS

NET WEIGHT :   20,738.180 MT
GROSS WEIGHT : 20,738.180 MT

THE AGENT IN THE PORT OF DISCHARGE: MARINA INTERCONTINENTAL S.A.
"MARINSA" - ILG LOGISTICS COSTA RICA PASO ANCHO, DE LA ROTONDA
200 M NORTE . SAN JOSE, COSTA RICA

"FREIGHT PAYABLE AS PER CHARTER PARTY"

"SHIPPED ON BOARD" DATED ON DECEMBER 10, 2022
SAY: TOTAL NINE THOUSAND AND EIGHT HUNDRED NINETY SIX PCS ONLY.

(of which  - NIL-  on deck at Shipper's risk; the Carrier not Being responsible for loss or damage howsoever arising)

| Freight payable as per CHARTER-PARTY dated .................... | **SHIPPED** at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. Weight, measure, quality, quantity, condition, contents and value unknown. IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void. |
|---|---|
| FREIGHT PAYABLE AS PER CHARTER PARTY Received on account of freight : | FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
| Time used for loading ............. days ............. hours. | |

| Freight Payable at | Place and date of issue PONTIANAK, INDONESIA, DEC 10, 2022 |
|---|---|
| Number of original Bs/L 3 (THREE) | Signature PT. HUA INDONESIA AGENSI PONTIANAK - INDONESIA AS AGENT FOR AND ON BEHALF OF MASTER OF MV ARGOS M VOY. G2243  CAPT. TOMOV KALIN BORISOV TJINTA USMANA S MANAGER |

CODE NAME: "CONGENBILL" EDITION 1994

**BILL OF LADING** C 1.2 Page 2
TO BE USED WITH CHARTER-PARTIES
B/L No. **G2243BHPLMN001**

**Shipper**
PT. DEXIN STEEL INDONESIA
GEDUNG IMIP, JALAN BATU MULIA 8 RT. 007 RW. 007
MERUYA UTARA KEMBANGAN KOTA ADM. JAKARTA
BARAT DKI JAKARTA 11620

**Consignee**
TO ORDER

**3rd Original**

**Notify**
ARCELORMITTAL COSTA RICA S.A.
COSTADO OESTE DE MULTIPLAZA, EDIFICIO
MERIDIANO 4TO. PISO ESCAZU, SAN JOSE DE COSTA
RICA
EMAIL: DANIEL.MYERS@ARCELORMITTAL.COM

**Vessel**
MV. ARGOS M VOY. G2243

**Port of loading**
BAHODOPI-POSO PORT, MOROWALI, SULAWESI PROVINCE, INDONESIA

**Port of Discharge**
MOIN TERMINAL PUERTO LIMON, COSTA RICA

**Shipper's description goods**

9,896 PCS OF
PRIME STEEL BILLETS

NET WEIGHT : 20,738.180 MT
GROSS WEIGHT : 20,738.180 MT

THE AGENT IN THE PORT OF DISCHARGE: MARINA INTERCONTINENTAL S.A.
"MARINSA" - ILG LOGISTICS COSTA RICA PASO ANCHO, DE LA ROTONDA
200 M NORTE . SAN JOSE, COSTA RICA

"FREIGHT PAYABLE AS PER CHARTER PARTY"

"SHIPPED ON BOARD" DATED ON DECEMBER 10,2022
SAY:TOTAL NINE THOUSAND AND EIGHT HUNDRED NINETY SIX PCS ONLY.

(of which - NIL- on deck at Shipper's risk; the Carrier not
Being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER-PARTY dated ..................

FREIGHT PAYABLE AS PER CHARTER PARTY
Received on account of freight :

Time used for loading ............ days ............ hours.

**SHIPPED** at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents and value unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

**Freight Payable at**

**Number of original Bs/L**
3 (THREE)

**Place and date of issue**
PONTIANAK, INDONESIA, DEC 10, 2022
Signature
PT. HUA INDONESIA AGENSI
PONTIANAK, INDONESIA
AS AGENT FOR AND ON BEHALF OF MASTER OF
MV ARGOS M VOY. G2243 CAPT. TOMOV
KALIN BORISOV

TJITA LESMANA'S
MANAGER

| | |
|---|---|
| CODE NAME: "CONGENBILL" EDITION 1994 | BILL OF LADING  C 1.2  Page 2 |
| | TO BE USED WITH CHARTER-PARTIES  B/L No. G2243BHPLMN001 |

**Shipper**
PT. DEXIN STEEL INDONESIA
GEDUNG IMIP, JALAN BATU MULIA 8 RT. 007 RW. 007
MERUYA UTARA KEMBANGAN KOTA ADM. JAKARTA
BARAT DKI JAKARTA 11620

**Consignee**
TO ORDER

**Copy Non-Negotiable**

**Notify**
ARCELORMITTAL COSTA RICA S.A.
COSTADO OESTE DE MULTIPLAZA, EDIFICIO
MERIDIANO 4TO. PISO ESCAZU, SAN JOSE DE COSTA
RICA
EMAIL: DANIEL.MYERS@ARCELORMITTAL.COM

**Vessel**
MV. ARGOS M VOY. G2243

**Port of loading**
BAHODOPI-POSO PORT, MOROWALI, SULAWESI PROVINCE, INDONESIA

**Port of Discharge**
MOIN TERMINAL PUERTO LIMON, COSTA RICA

**Shipper's description goods**

9,896 PCS OF
PRIME STEEL BILLETS

NET WEIGHT :    20,738.180 MT
GROSS WEIGHT : 20,738.180 MT

THE AGENT IN THE PORT OF DISCHARGE: MARINA INTERCONTINENTAL S.A.
"MARINSA" - ILG LOGISTICS COSTA RICA PASO ANCHO, DE LA ROTONDA
200 M NORTE . SAN JOSE, COSTA RICA

"FREIGHT PAYABLE AS PER CHARTER PARTY"

"SHIPPED ON BOARD" DATED ON DECEMBER 10,2022
SAY:TOTAL NINE THOUSAND AND EIGHT HUNDRED NINETY SIX PCS ONLY.

(of which   - NIL-   on deck at Shipper's risk; the Carrier not
Being responsible for loss or damage howsoever arising)

| Freight payable as per CHARTER-PARTY dated .................................................... <br><br>FREIGHT PAYABLE AS PER CHARTER PARTY<br>Received on account of freight : <br><br><br>........................................................................<br>Time used for loading .................. days .......................... hours. | **SHIPPED** at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.<br>Weight, measure, quality, quantity, condition, contents and value unknown.<br>IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.<br><br>FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |

| Freight Payable at | Place and date of issue<br>PONTIANAK, INDONESIA, DEC 10, 2022 |
|---|---|
| Number of original Bs/L<br>3 (THREE) | Signature<br>PT. HUA INDONESIA AGENSI<br>PONTIANAK - INDONESIA<br>AS AGENT FOR AND ON BEHALF OF MASTER OF<br>MV. ARGOS M VOY. G2243 CAPT. TOMOV<br>KALIN BORISOV<br><br>TJITRA LESMANA S<br>MANAGER |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THREE FIFTY MARKETS LTD,** | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 23-595 |
| vs. | § | |
| | § | |
| M/V ARGOS M, her engines, tackle, | § | SECTION "L" (5) |
| Equipment, appurtenances, etc., *in rem* | § | |
| | § | |
| Defendant | § | |

| | | |
|---|---|---|
| **PMG HOLDING SRL,** | § | CIVIL ACTION |
| | § | |
| Consolidated-Plaintiff, | § | CASE NO. 23-623 |
| | § | SECTION "L" (5) |

| | | |
|---|---|---|
| **ARECELORMITTAL INTERNATIONAL** | § | |
| **(LUXEMBOURG) S.A. and ARECELOR** | § | |
| **MITTAL (COSTA RICA) S.A.,** | § | |
| | § | |
| Intervenor-Plaintiffs, | § | |
| vs. | § | |
| | § | |
| M/V ARGOS M, her engines, tackle, | § | |
| Equipment, appurtenances, etc., *in rem* | § | |
| | § | |
| Defendant. | § | |

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I Mark Jennings declare under the penalty of perjury:

1. I am the authorized representative of Intervenor-Plaintiffs ArcelorMittal International (Luxembourg) ("AMIL") and ArcelorMittal (Costa Rica) ("AMCR") and authorized to act on the Intervenor-Plaintiffs' behalf.

2. I have read the foregoing Verified Complaint in Intervention and Exhibits and know the contents thereof; and

3. I verify that I believe the allegations contained therein to be true to my own knowledge, except as to matters stated to be upon information and belief, and as to those matters I believe them to be true. The grounds for my belief are based upon my personal knowledge gained during the course of my professional duties and my review and familiarity with correspondence, records, and other relevant documents and information obtained from employees and representatives of the Plaintiff through agents, underwriters, and/or attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 19, 2023
Houston, Texas

*Mark Jennings*
_____
Mark Jennings
Authorized Representative on behalf of
Plaintiffs in Intervention, ArcelorMittal
International (Luxembourg) S.A. and
ArcelorMittal (Costa Rica) S.A.