UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THREE FIFTY MARKETS LTD.** | * | CASE NO. 2:23-cv-00595 |
| | * | c/w  2:23-cv-00623 |
| | * | |
| **VERSUS** | * | JUDGE ELDON E. FALLON |
| | * | |
| **M/V ARGOS M, her engines, tackle,** | * | MAGISTRATE JUDGE NORTH |
| **equipment, appurtenances, etc.,** *in rem* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER TO VERIFIED COMPLAINT
### OF THREE FIFTY MARKETS LTD. [R. DOC. 1 (CA 23-595)]

**NOW INTO COURT**, through undersigned counsel, comes Argos Bulkers, Inc. ("Argos"), solely as owner and claimant of the M/V ARGOS M (the "Vessel"), *in rem*, and with a full reservation of all rights and defenses pursuant to Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and for answer to the Verified Complaint ("Complaint") [R. Doc. 1 (CA 23-595)] of Three Fifty Markets Ltd. ("Three Fifty"), alleges and avers upon information and belief as follows:

### First Defense

Three Fifty fails to state a claim against the Vessel for which relief can be granted.

### Second Defense

AND NOW, answering the specific allegations of Three Fifty's Complaint upon information and belief, Argos:

1

Denies Paragraph 1 of the Complaint, except Argos does not contest the Court's jurisdiction as is applicable under Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

Denies Paragraph 2 for lack of sufficient information or knowledge to justify a belief about the truth of the allegations of fact made therein;

Denies Paragraph 3 except Argos admits that the Vessel is an ocean-going cargo vessel bearing IMO No. 9502788 that is Liberian- flagged;

Denies Paragraph 4;

States that Paragraphs 5, 6 and 7 do not state allegations of fact for which an answer is required. However, to the extent an answer is required, Argos denies the jurisdiction and venue of this Court, except as is applicable under Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

Denies Paragraphs 8, 9, 10 and 11 for lack of sufficient information or knowledge to justify a belief about the truth of the allegations of fact made therein, and further avers that to the extent that the alleged Bunker Confirmation and Invoices are authentic written documents, those documents are the best evidence of their terms; it is specifically denied that the Plaintiff's General Terms and Conditions of Sale were successfully incorporated to the Bunker Confirmation or that they are binding on the Defendant. Indeed, Term "b" of the Bunker confirmation terms provides that:

> "Please note that Three Fifty Market Ltd's General Terms and Conditions of Sale ("GTCS") will apply to this contract, a copy of which is available on request. Where

>Three Fifty Markers Ltd is not the Physical Suppliers, the terms of the Physical Suppliers are available on request. Failure to request the terms & conditions of the physical supplier shall be taken as confirmation by the Buyers that it is aware of an accepts the terms and conditions of the Physical Supplier".

It is undisputed [R. Doc. 1 (CA 23-595), Exhibit C] that the Physical Suppliers were **not** Three Fifty, and the terms of the Physical Suppliers have not been provided by Plaintiff. To the extent the Plaintiff seeks to rely on its terms and conditions which have not been incorporated, its claim must fail, as no lien could have or indeed has been incorporated on account of Three Fifty's terms;

>States that Paragraphs 12, 13 and 14 are irrelevant, as the terms on which Three Fifty seeks to rely were neither incorporated nor are binding on the Vessel, but to the extent answer is required, the allegations are denied;

>Denies Paragraph 15, and in particular denies that the Court should apply US law to ascertain whether the alleged supply of bunkers gives rise to a lien. It appears that the basis on which Three Fifty asserts that US law is relevant to the question of whether a lien applies is that it (erroneously) believes that its own terms were incorporated and are binding on the Vessel, which is mistaken, as outlined above;

>Denies Paragraph 16, including that Three Fifty has a valid maritime lien claim against the Vessel; for the reasons discussed above, US law does not apply on the question of whether the alleged claim gives rise to a maritime lien.; and

>Denies Three Fifty's prayer for relief along with any unnumbered or misnumbered paragraphs.

3

### Third Defense

Plaintiff has no maritime lien and, therefore, has no cause of action or right to proceed against the M/V ARGOS M, *in rem*.

### Fourth Defense

Argos maintains that any recovery by Three Fifty, which is denied, should be reduced and/or offset by the amounts it has received from any other source.

### Fifth Defense

Any debt owed under the bunker supply agreement, if any, is not owed to by the Vessel to Three Fifty, as AUM Scrap and Metals Waste Trading LLC lacked actual or apparent authority to bind the vessel as it was not a charterer of the vessel.

### Sixth Defense

Argos contends that Three Fifty failed to mitigate its alleged damages and Three Fifty is placed on the full proof of the fairness and reasonableness of the steps, if any, taken to minimize its alleged damages.

### Seventh Defense

Argos maintains that there was no contract or other agreement between the Vessel and Three Fifty, and therefore Three Fifty is not entitled to recover contractual interest, penalties, attorney's fees, or other remedies from the Vessel.

**WHEREFORE,** considering the foregoing, Argos Bulkers, Inc., solely as owner and claimant of the M/V ARGOS M, *in rem*, prays:

1. That this Answer to Three Fifty's Verified Complaint be deemed good and sufficient;

2. That Three Fifty's Verified Complaint be dismissed, at its cost, and that there by judgment in favor of the M/V ARGOS M, *in rem*; and

3. For all other such relief that justice and the nature of the case will allow.

    Respectfully Submitted,

    MURPHY, ROGERS, SLOSS,
     GAMBEL & TOMPKINS

    */s/ John H. Musser, V*
    Peter B. Sloss (#17142)
    psloss@mrsnola.com
    John H. Musser, V (#22545)
    jmusser@mrsnola.com
    701 Poydras St., Suite 400
    New Orleans, LA 70139
    Phone: 504.523.0400
    Fax:  504.523.5574

    ***Attorneys for Argos Bulkers, Inc., solely as owner and claimant of the M/V ARGOS M, with a full reservation of all rights and defenses pursuant to Supplemental Rule E(8) of the Federal Rules of Civil Procedure***