UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THREE FIFTY MARKETS LTD, *Plaintiff,* | CIVIL ACTION |
| VERSUS | NO. 2:23-cv-00595 |
| M/V ARGOS M, her engines, tackle equipment, appurtenances, etc. *in rem*, *Defendant*. | SECTION L (5) |
| | JUDGE ELDON J. FALLON |
| | MAGISTRATE JUDGE MICHAEL NORTH |

**PLAINTIFF'S OPPOSITION TO DEFEDANT'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR SANCTIONS**

Plaintiff, Three Fifty Markets Ltd. ("Plaintiff"), by its undersigned counsel, submits this Response in Opposition to Defendant's Motion to Compel Compliance with Court Order and for Sanctions ("Motion") at ECF 98.

## INTRODUCTION

Plaintiff, a bunker supplier, brought this action to recover $629,600.00, plus interest and costs, due and owing for its provision of necessaries to an ocean-going vessel under the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31301 *et seq.*

On October 11, 2022, Plaintiff arranged for the supply of fuel bunkers to Defendant M/V ARGOS M (the "Vessel") in the Port of Las Palmas, Spain, on the order of the Vessel's charterer, Shimsupa GMBH ("Shimsupa" and/or "Charterer) through its guarantor/agent Aum Scrap and Metals Waste Trading LLC ("AUM"), and by the request and consent of the Master of the M/V ARGOS M. Both the Charterer and its agent AUM had legal authority from the Vessel's owner, Argos Bulkers, Inc. ("Argos"), to order the bunkers.

In fact, prior to delivering the bunker fuel, the Owner, via its ship manager Pontos Marine, the Master and Shimsupa, were advised by email that AUM was purchasing the bunkers on behalf of the ARGOS M, that Plaintiff was the seller of the bunkers and Oryx was the physical supplier. *See* Declaration of Aaron Loveman ("Loveman Dec.") enclosed as Exhibit 2 at ¶¶ 4 & 5. Following receipt of that email, neither the Owner, Master, nor Shimsupa contacted Plaintiff or Oryx to advise that AUM was not authorized to purchase the bunkers for the ARGOS M. Accordingly, with the approval and authority of the Owner, Master, and Shimsupa, the bunkers were purchased by AUM and loaded aboard the ARGOS M. Plaintiff was not paid for the bunkers, which the Owner then used for their own benefit. Under applicable federal maritime law, the bunkers were "necessaries." Thus, a maritime lien exists as Plaintiff has not been fully paid for the bunkers it supplied.

**RELEVANT FACTUAL BACKGROUND**

Plaintiff filed the current action on February 16, 2023. On June 8, 2023, Defendant served on Plaintiff its First Request for Production of Documents. Plaintiff served its answers to Defendant's First Request for Production of Documents on July 10, 2023. The parties exchanged responsive documents in PDF format.

On September 19, 2023, Defendant served Plaintiff with a First Set of Interrogatories and a Second Request for Production of Documents. (See ECF 73-4.)

On October 19, 2023, Plaintiff served its answers to Defendant's First Set of Interrogatories and Second Request for Production of Documents. (See ECF 73-4.) As a result of Plaintiff's answers, Defendant filed a motion to compel. (See ECF 73.) On November 28, 2023, this Court issued an Order ("Order") granting Defendant's motion to compel directing Plaintiff to:

> … respond fully and completely to the written discovery propounded by Argos that is the subject of the present motion. No

> objections, save as to specific objections on privilege grounds, shall be made and no documents or information may be withheld on any grounds other than a claim of privilege which, if made, must be made specifically and accompanied by a log. Responses are due within 10 days of the entry of this Order.

(ECF 86 at p. 9.)

In compliance with this Court's Order, on December 8, 2023, Plaintiff supplemented its responses by removing all objections and producing documents bates stamped Three Fifty Markets 000130 – 170. (See ECF 98-2.)

On December 11, 2023, Defendant's counsel emailed the undersigned as follows:

> On another note, we observed some deficiencies in your discovery responses. Specifically, all the answers to interrogatories and responses direct me to look at your entire 41-page production and guess which documents are being produced in lieu of answering the interrogatory or are responsive to the request. While I have been able to figure out most of the answers, Interrogatory No. 2 is not answered by the document production.
>
> Turning to the document production itself, we requested native electronic information. This would require you to produce the actual emails and attachments, not just PDFs of the emails or PDFs of the attachments to those emails. Likewise, the Ducat Maritime agreement should be produced in its native format – word document e.g. – so that we can review when it was edited. Indeed, presumably there were emails or faxes exchanging the document so that it could be signed, but none were produced.

(*See* Exhibit 1, collection of correspondence between counsel regarding this issue, at p. 3.)

December 11, 2023 was the first time Defendant ever complained regarding receipt of PDFs as opposed to native files. During the pendency of this action, London solicitors asked Plaintiff on several occasions to look for and produce documents relating to this matter, which were produced. Exhibit 2, Loveman Dec. at ¶ 6. Plaintiff produced all of the records it could locate. *Id.* Plaintiff was asked to produce "native" copies of documents. *Id.* Plaintiff did so. *Id.* at ¶¶ 6-9. Plaintiff made a diligent search of its computer and phone, and produced all emails and text in its

possession responsive to the defendant's request. *Id.* at ¶ 8. Plaintiff worked diligently to collect and produce the requested documents in native format. *See* Exhibit 1 and Exhibit 2, Loveman Dec. at ¶ 8. Due to the Holiday Season and the fact that Plaintiff is located overseas, this issue was not fully resolved until January 15, 2024, notwithstanding that Defendant had **all** the relevant and responsive documents from **December 8, 2023**.

By email dated Friday, January 5, 2024, at 4:10 pm, Mr. Musser wrote to counsel for Plaintiff as follows:

> Bill – do you have any plans to provide the emails / correspondence / notes between Ducat and 350 (or their representatives/agents) about the bunker transaction payments or finance agreement (including exchanging the drafts of the Ducat agreement) (2nd Request for Production No. 2)? If so, can you provide a date you will produce them?

Exhibit 1 at p. 19.

By email dated Friday, January 5, 2024 at 5:19 pm, counsel for Plaintiff responded:

> John,
>
> We will produce correspondence that exists and that have not already been turned over early next week.

Exhibit 1 at p. 18.

Two business days later, Defendant filed the current motion to compel on January 9, 2024. (See ECF 98.).

## ARGUMENT

### I. Legal Standard

Rule 37 of the Federal Rules of Civil Procedure provides for the payment of costs and attorney's fees if a motion to compel is granted unless the failure to provide discovery was "substantially justified," or "other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5). Similarly, the court may also impose sanctions for failure to obey a discovery

order unless the failure to comply was "substantially justified" or "other circumstances made an award of expenses unjust." See Fed. R. Civ. P. 37(b)(2)(C).

**II. This Court should deny Defendant's Motion in Its Entirety.**

As described above, Plaintiff fully complied with this Court's Order by removing all objections to Defendant's discovery requests and producing all responsive documents within the timeframe stipulated by this Court, that is December 8, 2023 in the same manner the parties had produced documents throughout this litigation. Defendant's subsequent complainants were addressed in a timely fashion considering the time of the year, and all documents were produced in native format. (See Exhibit 1.) As a result, Defendant's motion should be denied as moot. Moreover, the documents that defendant sought in "native" format are irrelevant to whether the owner of the ARGOS M is liable to Plaintiff for the price of the bunker fuel – which it is.

As for producing the contract agreement between Plaintiff and Ducat (See ECF 98-2 at pp. 7-8) in "native" format, the correspondence between counsel clearly shows that the issue was a technological one and Plaintiff worked diligently in an attempt to resolve it. (See Exhibit 1.) Eventually the issue was resolved, and Defendant is now (and has been) in possession of the requested documents. (See Exhibit 1.)

Furthermore, Plaintiff has already confirmed through counsel that it has no further correspondence – which are irrelevant to the issues herein - regarding the agreement between Plaintiff and Ducat. (See Exhibit 1 at p. 17.) In support of counsel's prior confirmation, please see Loveman Dec., Exhibit 2, attesting to the fact that Plaintiff has produced all responsive records relating to this matter.

All in all, Plaintiff was diligently working to address Defendant's concerns and requests in good faith despite the motion to compel. Defendant's Motion should be denied as moot and

plaintiffs respectfully request that this Court deny the motion for sanctions given that such is unwarranted under the circumstances.

## CONCLUSION

**WHEREFORE**, based upon the foregoing, Plaintiff Three Fifty Markets Ltd. requests that this Court deny Defendant's motion to compel in its entirety as moot and deny the motion for sanctions.

Date: January 16, 2024.

Respectfully submitted:

***/s/ R. Chauvin Kean***

Bradley J. Schlotterer (#24211)
Brad.schlotterer@keanmiller.com
R. Chauvin Kean (#36526)
Chauvin.kean@keanmiller.com
**KEAN MILLER LLP**
Bank Plus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone (504) 585-3050
Fax (504) 585-3051

- and -

William R. Bennett III (#2513653) *Pro Hac Vice*
Noe S. Hamra (#4987996) *Pro Hac Vice*
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000

***Attorneys for Three Fifty Markets Ltd.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on January 16th, 2024, I emailed the foregoing document to all counsel of record and/or was served via the Court's electronic filing system.

*/s/ R. Chauvin Kean*
**R. CHAUVIN KEAN**