UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THREE FIFTY MARKETS LTD** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-595** |
| **M/V ARGOS M, her engines, etc.** *in rem* | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is a motion *in limine* by Plaintiff Three Fifty Markets Ltd. to exclude the deposition testimony of Mr. Nikos Kekridis and certain documents. R. Doc. 113. Argos Bulkers Inc. opposes the motion, R. Doc. 116. Three Fifty Markets Ltd. filed a reply. R. Doc. 121. After considering the briefing and applicable law, the Court rules as follows.

I. BACKGROUND

The Court is familiar with the extensive procedural and factual history of this case and will not repeat it here. For a full history, see R. Doc. 89. For the purpose of this motion, the relevant background is as follows.

On February 16, 2023, Three Fifty Markets Ltd. ("Three Fifty"), a commodity trading company domiciled in the United Kingdom, filed a complaint in this Court against the Argos M M/V ("the Vessel"), a Liberian-flagged vessel that was chartered to AUM Scrap and Metals Trading LLC, a company alleged to be organized under the laws of the UAE.[1]

In its complaint, Three Fifty alleges that it sold 800 metric tons of Very Low Sulphur Fuel Oil to Three Fifty on October 11, 2022. R. Doc. 1 at 3. However, Three Fifty alleges, neither AUM nor the Charterer, Shimsupa, has paid Three Fifty for the fuel, leaving a total amount due, including

---

[1] Though Three Fifty alleges that AUM is the Charterer of the vessel in its complaint, the Vessel indicated that the actual charterer of the vessel is Shimsupa. R. Doc. 60.

interest, at $663,546.65 as of January 31, 2023. *Id.* at 5. As a provider of "necessaries" to the vessel within the meaning of the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31342 *et seq.*, Three Fifty claims to have an *in rem* maritime lien against the Vessel. In its complaint, Three Fifty sought judgment in the amount of $663,546.65, arrest of the Vessel, sale of the Vessel to pay the judgment due, and other "just and proper" relief. *Id.* at 6.[2]

On February 16, 2023, this Court issued a warrant for the arrest of the Vessel and appointed a substitute custodian. The Vessel was arrested six days later. Case No. 23-623 R. Doc. 18.

On March 21, 2023, Argos Bulkers Inc.[3], as owner of the Vessel, filed a Verified Statement of Right or Interest, R. Doc. 24, and answered the complaint of Three Fifty. R. Doc. 26. In its answer, the owner of the Vessel generally denied liability and stated that Three Fifty had not been the physical supplier of the fuel and, because it did not provide the terms of the physical supplier, it did not state a claim that a lien had been created. R. Doc. 26 at 3.

On August 1, 2023, Three Fifty filed a motion for summary judgment requesting that this Court allow it to execute a maritime lien against the Vessel, which the Vessel opposed. R. Doc. 50; R. Doc. 60. After considering the briefs and oral argument, the Court denied the motion for summary judgment because questions on whether Three Fifty reasonably assumed an individual authorized by the Vessel purchased the fuel remain. R. Doc. 74. On January 2, 2024, the Vessel filed a motion for summary judgment arguing that no one with actual or apparent authority purchased the fuel. R. Doc. 94. On February 7, 2024, the Court denied that motion for the same reasoning it denied Three Fifty's earlier motion for summary judgment. R. Doc. 111.

---

[2] In addition to this case against the Vessel, PMG Holding SRL filed suit similarly situated to the one at hand. Case No. 23-623, R. Doc. 1. That case was consolidated with this matter and the parties recently reached a resolution. Accordingly, this Court dismissed that matter on January 3, 2024. R. Doc. 96.
[3] Because Argos Bulkers Inc. is the owner and claimant of M/V Argos M, the Court will collectively refer to Argos Bulkers Inc. and M/V Argos M as "the Vessel" for the purpose of this order.

On February 8, 2024, the Court held a pretrial conference with the parties. At that conference, Three Fifty informed the Court that it would be filing a motion *in limine* to exclude the Vessel from introducing the deposition testimony of Mr. Nikos Kekridis. It did so on February 12, 2024. R. Doc. 113.

II. **PRESENT MOTION**

In its motion, Three Fifty argues that the deposition testimony of Mr. Kekridis, one of the shareholders of Argos Bulkers, Inc., should be excluded pursuant to Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 801. R. Doc. 113-1 at 2. It argues that the proposed testimony is hearsay under FRE 801 and that no hearsay exception permits introduction of the testimony. *Id.* at 3-4. Similarly, it argues that FRCP 32 does not permit Three Fifty to introduce the deposition testimony. *Id.* at 4-6. It additionally argues that the Vessel should be precluded from "offering documents into evidence by declaration." *Id.* at 1.

In opposition, the Vessel argues that introducing the deposition testimony is proper under FRCP 32(a)(4) because he is in Greece. R. Doc. 116. Further, it argues that the documents Three Fifty seeks to vaguely exclude are permitted under FRE 803 and 902. *Id.* at 6-9.

In reply, Three Fifty agrees with the Vessel that Mr. Kekridis is more than 100 miles from the place of trial; however, it maintains that the Vessel is unable to introduce the deposition testimony because Mr. Kekridis is the Vessel's FRCP 30(b)(6) designative representative. R. Doc. 121. Accordingly, it reiterates that the Vessel is barred from using the deposition testimony under FRCP 31(a)(1)(C). *Id.* at 2. Regarding the documents it seeks to exclude, Three Fifty argues that introduction of "documents by declaration" is hearsay and the documents do not fall under any hearsay exception. *Id.* at 5.

### III. APPLICABLE LAW AND ANALYSIS

#### a. Admissibility of Nikos Kekridis' Deposition Testimony

Rule 801(c) of the Federal Rules of Evidence defines hearsay as "statement[s], other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." *United States v. Parry*, 649 F.2d 292, 294 (5th Cir. 1981); *see* Fed. R. Evid. 801(c). Hearsay is inadmissible unless a federal statute, the Federal Rules of Evidence, or the Supreme Court provides otherwise. Fed. R. Evid. 802. When a party objects to the presentation of evidence on hearsay grounds, the proponent of the evidence carries the burden of showing that the statement is not offered as hearsay, or it falls within an exception to the hearsay rule. *Bouraily v. United States*, 483 U.S. 171, 175 (1987).

The subject of the instant motion *in limine* is the admissibility of Mr. Kekridis' deposition testimony. Three Fifty first avers that the deposition is inadmissible under FRCP 32(a)(1) and (3) because it is not being offered by an adverse party. It further argues that Rule 32(a)(4) does not permit introduction of the testimony either because the Vessel has not demonstrated "that it did not procure Mr. Kekridis' unavailability." R. Doc. 113-1 at 5. On the other hand, the Vessel argues that the testimony is admissible under Rule 32(a)(4) because Mr. Kekridis is more than 100 miles away from the place of trial. R. Doc. 116. The Court agrees.

Rule 32(a)(4) provides five circumstances when a witness is unavailable such that "a party may use for any purpose the deposition of a witness, whether or not a party" at trial. Fed. R. Civ. P. 32(a)(4). One instance where a witness is unavailable is when "that witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." *Id.*

In the present instance, the Court finds that Mr. Kekridis is an unavailable witness as he is currently in Greece, which is undeniably outside of the United States. Fed. R. Civ. P. 32(a)(4)(B).

Mr. Kekridis' presence in Greece is not because the Vessel procured it but rather because he is a resident of Greece. Further, as pointed out by the Vessel, Mr. Kekridis was never subject to process in the United States, he has never appeared in the United States for the purpose of this litigation, and he is not subject to the personal jurisdiction of this Court as this is an *in rem* proceeding.

Further, the Court finds Three Fifty's reliance on Rule 32(a)(1) and (3) misguided. Those rules are only applicable when an adverse party seeks to introduce the deposition testimony. *See* Fed. R. Civ. P. 32(a)(1), (3). Here, the Vessel seeks to introduce the deposition of its own party witness. Thus, it must rely on another section of the rule, and it finds that in Rule 32(a)(4)(B).

Because the Vessel meets the requirements of Rule 32(a)(4)(B), the Court finds that the deposition testimony of Mr. Kekridis may be introduced at trial. Accordingly, the Court denies Three Fifty's motion on this ground.

### b. Admissibility of Documents

Three Fifty states in both the opening and closing paragraphs of its memorandum that it seeks to exclude documents that are introduced by declaration into the trial record. R. Doc. 113-1; R, Doc. 121. Outside of generally referring to documents that Mr. Kekridis refers to in his deposition testimony, it neglects to provide any more context to these documents. Because Three Fifty fails to identify the documents it specifically seeks to exclude, the Court denies its motion on this ground. Three Fifty reserves the right to re-urge this motion at trial if it becomes necessary.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine*, R. Doc. 113, is **DENIED**.

New Orleans, Louisiana, this 22nd day of February, 2024.

_____
United States District Judge