**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| THREE FIFTY MARKETS LTD, | CIVIL ACTION |
| *Plaintiff,* | NO. 2:23-cv-00595 |
| | SECTION L (5) |
| VERSUS | JUDGE ELDON J. FALLON |
| M/V ARGOS M, her engines, tackle equipment, appurtenances, etc. *in rem,* | MAGISTRATE JUDGE EVA J. DOSSIER |
| *Defendant.* | CASE REFERENCE NO. 23-595 |

**PLAINTIFF THREE FIFTY MARKETS LTD.'S OPPOSITION MEMORANDUM TO DEFENDANT'S MOTION TO APPROVE BOND AND STAY EXECUTION OF JUDGMENT AGAINST THE M/V ARGOS M, *IN REM***

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Three Fifty Markets Ltd. ("Plaintiff" or "Three Fifty Markets"), which respectfully requests that this Honorable Court deny Plaintiff's Motion and instead order a supersedeas bond be posted in the amount of 125% of the Judgment.

## I.    RELEVANT BACKGROUND:

On March 24, 2023, Defendant posted a Release Bond in the amount of $775,000. *See,* R. Doc. 34. Shortly thereafter, this Court granted Defendant's Motion to Lift Arrest, which declared that the Bond (R. Doc. 34) shall "serve as security in lieu of the Vessel, M/V ARGOS M ...." R. Doc. 42 at ¶ 2.  Nothing in that order limited Three Fifty Markets' right to recover damages.

After a year of litigation and trial, this Court entered a final judgment in favor of Three Fifty Markets for $722,641.79, plus post judgment interest at the federal rate until paid. *See*, R. Doc. 146.  At the current federal interest rate of 5.12%, post judgment interest accrues at approximately $3,041/month; this sum grows each day at a rate of $101.37.  It has already been a

4863-7494-1645 V1

month since Judgment was entered. Thus, the total judgment presently owed is *at least* $725,682.82.

Defendant has noticed its intent to appeal but declined to post a supersedes bond in violation of this Court's Local Rule 62.2 and Fed. R. Civ. Proc. 62. Based on the foregoing, it is clear that the Bond (R. Doc. 34) presently on file with this Court is insufficient to satisfy the judgment and related costs, and should be increased to at least 125% of the judgment value to ensure that adequate security is in place. The posting of security in lieu of the *rez* is a privilege granted by this Court, and should be maintained with such limits to undoubtedly secure that which is owed.

Three Fifty Markets submits that courts within the Fifth Circuit have routinely held that 125% of total claim is an appropriate measure to ensure that the injured party is secure.[1] Defendant requests that no additional security be provided much less sufficient security. More importantly, the Bond should be increased to ensure that all amounts owed and accruing can be easily satisfied by a bond given this Defendant's proven history of failing to meet its obligations, pay its bills, skipping town, and forcing the injured party to pursue its claim across the seas.

## II.     LAW AND ARGUMENT:

Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce judgments. *See*, Fed. R. Civ. Proc. 62 (West 2024). Rule 62(b) provides that a party *may* obtain a stay by providing a bond or other sufficient security. *Id.* In the present case, the debtor has not suggested that it post other security; instead, it moves this Court to deem its present bond a sufficient

---

[1] *Odyssea Marine, Inc. v. SIEM SPEARFISH M/V*, 2016 WL 429083, at *4 (E.D. La. Aug. 10, 2016) (Barbier, J.); *Norton Lilly Int'l, Inc. v. M/V KINATSI*, 2017 WL 515095, at *4 (E.D. La. Feb. 8, 2017) (Engelhardt, J.); *Johanna Shipping Corp. v. American Marine Corp.*, 1990 WL 17357 (E.D. La. Feb. 22, 1990) (Heebe, C.J.).

4863-7494-1645 V1

supersedeas bond. But the present bond is wholly insufficient to meet the needs of this case much less that of an appeal.

The Fifth Circuit has consistently held that "a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992).

Specifically, the general and applicable rule of this Circuit is that the "amount of the bond [shall] be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, ….'" *Id.* at 1191. While the Court acknowledged that the current Rule 62 does not provide a formula for computation, the rule should be read in conjunction with the original Civil Rule 73(d). *Id.*

Further, the Local Rules of this Court declare that "a bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise." *See*, Local Civ. R. 62.2.

In *Cook v. Marshall*, this Court recently denied Debtor-Defendant's Motion to Stay without a bond after finding that Preston Marshall failed to objectively demonstrate his "financial ability to facilely respond to a money judgment and to present to the court a financially secure plan for maintaining that same degree of solvency." *Cook v. Marshall*, 2024 WL 1966374, at *2 (E.D. La. May 3, 2024) (Fallon, J.). Indeed, this Court held that it "will not waive the bond requirement and hereby orders" defendant to post a supersedeas bond or cash in the amount of the judgment plus

20% within 14-days. *Id.* at \*3; *see also*, *MGMTL, LLC v. Strategic Tech. Institute, Inc.*, 2023 WL 9226937 (E.D. La. Jul. 13, 2023) (Vitter, J.).

In the present case, it is clear that Defendant has failed to comply with the requirements of Fed. R. Civ. Proc. 62 and Local Civ. R. 62.2; it now seeks permission to appeal this Court's judgment with an inadequate bond at the peril of Three Fifty Markets. Notably, Defendant is a foreign flag vessel and is not presently within this District. It has been cast in judgment and has not satisfied its debts. This same fact pattern is the very genesis of this lawsuit.

The amount owed continues to increase and will undoubtedly grow with an appeal. At best, only $49,317.18 of the current Bond (R. Doc. 34) remains given that the remainder is entirely owed to Plaintiff. If this Motion is granted, such would be in conflict with Fifth Circuit precedent and the local rules of this Court. *Poplar Grove*, 600 F.2d at 1191; *see also*, Local Civ. R. 62.2.

Instead, Three Fifty Markets respectfully submits that this Court should order the Bond to be immediately increased to 125% of the Judgment given the costs of the appeal, accruing interest, and damages for delay in execution of the judgment. At present, more than $101 of interest is added to the judgment each day; every thirty days, approximately $3,100 is added to the judgment. This is without any consideration for the costs of appeal and further delays in execution of judgment. *Poplar Grove*, 600 F.2d at 1191.

Recall that this case concerns Defendant's repeated failure to pay its bills. This Motion is just another example of Defendant's refusal to meet its obligations and another attempt to rest the burden of delay on Three Fifty Markets when it is clearly entitled to collect that which is owed in full. Further, Defendant's litigation practice has made clear that it will stop at nothing to drum up costs and fees at every turn of this case, which will further burden Three Fifty Markets with unnecessary expenses of an appeal. Indeed, an appeal will not be swift and Defendant requests that

Three Fifty Markets carry the burden and risk of an appeal, which is improper. This foreign vessel has been cast in judgment; present security is insufficient. The law provides that the moving party seeking appeal shall bear the sole financial burden and must provide security sufficient to meet the obligations owed.[2]

### III.    CONCLUSION:

Three Fifty Markets respectfully requests that this Court deny Defendant's Motion and instead moves this Court to order Defendant to post a supersedeas bond in an amount not less than 125% of the judgment within 14-days, or abandon its appeal within the same time period. Three Fifty Markets has waited long enough to collect the monies it is owed and Defendant should not be permitted to continue to delay execution of the judgment against it.

---

[2] This Court has already provided Defendant great latitude when it held that each party bear its own costs and fees despite Three Fifty Markets' entitlement to same. Therefore, Three Fifty Markets requests that this Court ensure that all of Plaintiff's foreseeable damages are sufficiently covered by any security.

Respectfully submitted:

*/s/ R. Chauvin Kean*

Bradley J. Schlotterer (#24211)
R. Chauvin Kean (#36526)
**KEAN MILLER LLP**
BankPlus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone (504) 585-3050
Fax (504) 585-3051
brad.schlotterer@keanmiller.com
chauvin.kean@keanmiller.com

*- and -*

William R. Bennett III* (#2513653)
Noe S. Hamra* (#4987996)
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY  10020
(212) 885-5000
William.Bennett@blankrome.com
Noe.Hamra@blankrome.com

*Admitted* Pro Hac Vice

***Attorneys for Three Fifty Markets Ltd.***

6