UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THREE FIFTY MARKETS LTD.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-595** |
| **M/V ARGOS M, her engines, etc.** *in rem* | * | **SECTION L** |

## ORDER & REASONS

Before the Court is a Motion to Approve the Bond and Stay Execution of the Judgment filed by Defendant M/V Argos M *in rem* through Argos Bulkers, Inc., solely as owner and claimant of M/V Argos M (collectively "Argos"). R. Doc. 148. Plaintiff Three Fifty Markets, Ltd. ("Three Fifty") opposes. R. Doc. 149. Defendant filed a reply. R. Doc. 150. Considering the briefing, oral argument, and applicable law, the Court now rules as follows.

**I.     BACKGROUND**

This litigation stems from an unpaid balance for fuel bunkers ("necessaries") that were sold by Plaintiff Three Fifty Markets Ltd., which were delivered and consumed by the Defendant vessel, M/V Argos. The Court held a bench trial in the matter on February 26, 2024. At issue was whether the fuel was sold to an entity authorized by Defendant or its charterer, Shimsupa GmbH.

On April 25, 2024, the Court issued its findings of facts and conclusions of law. R. Doc. 140. Under the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. §34341 *et seq.*, the Court concluded that Plaintiff is entitled to a maritime lien against Defendant. The Court awarded Plaintiff its unpaid balance, interest, and *custodia legis* expenses for a total of $722,641.79. The Court severed the issue of attorneys' fees and on May 29, 2024, the Court found that Plaintiff was not entitled to an award of attorneys' fees. R. Doc. 145. A final judgment of the matter was entered on June 6, 2024. On July 1, 2024, Defendant filed a Notice of Appeal of this

Court's judgment. R. Doc. 147.

Presently, Defendant requests that this Court approve the existing Release Bond that it has previously deposited into this Court's registry as security for the appeal and stay execution of the Judgment pending appeal. R. Doc. 148. It argues that the Release Bond is in the amount of $775,000 which is $50,000 in excess of the Court's judgment. *Id.* Thus, there is sufficient cushion for any interest that may accrue while the Fifth Circuit reviews the appeal. *Id.* In opposition, Plaintiff argues that the Release Bond is insufficient and that the Court instead order the Defendant to post a superseadeas bond in the amount of 125% of the Judgment. R. Doc. 149. In reply, Defendant argues that no increase in the bond is necessary. R. Doc. 150.

## II.     LAW AND ANALYSIS

Federal Rule of Civil Procedure 62(b) provides that "any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Posting such bond "preserve[s] the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).

Further Local Rule 62.2 provides that "[a] bond or other security staying the execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise." L.R. 62.2. It follows that the Court has discretion to depart from the standard requiring that a party post bond in the amount of 120% of the judgment if the Court deems necessary.

Under the foregoing Federal and Local Rules, the Court presently finds that the $775,000 currently in the Court's registry is sufficient bond to stay execution of this Court's judgment.

Plaintiff provides that post-judgment interest at the federal judicial rate of 5.12% indicates that the judgment amount grows each day at a rate of $101.37. R. Doc. 149 at 1. The Court estimates that it will take the Fifth Circuit about one year—365 days—to render its opinion on the Defendant's appeal. Accordingly, after 365 days, interest on the judgment amount will equal $37,000.05. Adding the judgment ($722,641.79) and interest amount ($37,000.05) together results in a total amount of $759,641.84. Given that the current bond of $775,000 is more than that total amount and even provides for over $10,000 in interest to accrue in the event that the Fifth Circuit takes more than a year to render its opinion, the Court concludes that the current bond is sufficient to protect the parties' rights pending appeal and cover any concerns regarding interest, costs, or damages award.

    **III.**    **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Approve Bond and Stay Execution of the Judgment, R. Doc. 148, is **GRANTED**.

New Orleans, Louisiana, this 3rd day of July, 2024.

                                                            */s/ Eldon E. Fallon*
                                                           United States District Judge